## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:18CV1180 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND DECISION** |
| | ) | |
| CHARLES J. STEINER, | ) | |
| CONSTANCE M. STEINER, STATE | ) | |
| OF OHIO, HOLMES COUNTY | ) | |
| TREASURER, WILLIAM | ) | |
| SHEPHERD, and SHARON | ) | |
| SHEPHERD, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on three motions: (1) the Motion to Dismiss filed by Defendants Charles Steiner and Constance Steiner (Doc. 5); (2) the Motion for Judicial Notice filed by Defendant Charles Steiner (Doc. 7); and (3) the Motion to Dismiss Judicial Cognizance filed by Defendant Charles Steiner (Doc. 9).  When read generously, each of these motions could be viewed as arguing that the Complaint should be dismissed for lack of subject matter and/or personal jurisdiction under Rules 12(b)(1) and (2) of the Federal Rules of Civil Procedure.  Taking this to be the case, the Court has thoroughly reviewed the motions and Plaintiff's opposition.  For the reasons stated, the motions are DENIED.

## I.    BACKGROUND

The Complaint sets forth the following facts.

Since 2003, Defendants have refused to report and pay their federal income tax liabilities.  *See* Compl., Doc. #1, para. 8.  Instead, Defendants filed frivolous income tax

1

returns for the years 2003 through 2007, and raised frivolous arguments in written correspondence to the IRS arguing that they are not subject to federal income tax. *Id.* at para. 8-15. A delegate of the Secretary of the Treasury made assessments against Defendants for their unpaid income tax liabilities and assessed Defendants with civil penalties for filing frivolous tax returns pursuant to 26 U.S.C. § 6702. *Id.* at para. 8-13, 16, 19, 22. A delegate for the Secretary of the Treasury also duly recorded Notices of Federal Tax Lien in accordance with 26 U.S.C. § 6362(f) on all property and rights to property of Defendants. *Id.* at para. 26-27. Despite being given notice and demand for payment of their unpaid taxes and civil penalties, Defendants have failed, neglected, or refused to pay in full their outstanding tax liabilities. *Id.* at 18, 21. The United States brought this action to collect the outstanding liabilities and enforce the federal tax liens against real property.

## II.    LEGAL STANDARD

> When evaluating a motion to dismiss pursuant to rule 12(b)(6), the factual allegations in the complaint must be regarded as true. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 174–75, 86 S.Ct. 347, 348–49, 15 L.Ed.2d 247 (1965). The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

*Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir.2010)*. When ruling on a motion to dismiss under Rule 12(b)(6), the Court must construe the Complaint in a light most favorable to the non-moving party. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th

2

Cir. 1998).  "For purposes of a motion for judgment on the pleadings [or a motion to dismiss], all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, but a court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir.1999).  "[M]atters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997)) (emphasis omitted).

## III.  DISCUSSION

Defendants' motions fail to articulate any reason why the Complaint should be dismissed.  Assuming that the motions seek dismissal for lack of subject matter and/or personal jurisdiction under Rules 12(b)(1) and (2) of the Federal Rules of Civil Procedure, the motions are frivolous because the Complaint sets forth facts that plainly establish both subject matter and personal jurisdiction over Defendants.

As set forth in the Complaint, jurisdiction over this action is conferred upon the district court pursuant to 28 U.S.C. §§ 1331, 1340, 1345 and 26 U.S.C. § 7402(a) and 7403. *See* Compl. § 1.  These statutes each independently provide subject matter jurisdiction over this action.  Sections 1331, 1340, and 1345 provide the district courts with original jurisdiction over all civil actions "arising under the Constitution, law, or treaties of the United States," "arising under any Act of Congress providing for internal revenue," and "commenced by the United States, or by an agency or officer thereof expressly authorized to sue by Act of Congress," respectively.  Under 26 U.S.C. § 7402(a), the federal district courts have jurisdiction to "render such judgments and decrees as may be necessary or

appropriate for the enforcement of the internal revenue laws."  Finally, 26 U.S.C. § 7403 authorizes the Attorney General to "direct a civil action to be filed in a district court of the United States" to enforce a federal tax lien against the property of the taxpayer.  Together, these statutes plainly provide subject matter jurisdiction over this action, as well as the express authority of the Unites States to bring this action under the Internal Revenue Code to reduce tax liabilities to judgment and enforce the federal tax liens against real property.

Personal jurisdiction is also established here, because Defendants reside in Glenmont, Ohio, within the Court's jurisdiction.  *See* Compl., para. 1-4; *International Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945).

Defendants have set forth frivolous arguments to dismiss reflective of the tax-defier movement. Tax defiers, or illegal tax protestors, are individuals who refuse to pay a tax claiming that the tax laws are unconstitutional or otherwise invalid.  *See* 2012 Dept. of Justice Criminal Tax Manual § 40.00.  Courts have consistently rejected the various arguments that tax defiers promote.  *See e.g.*, *Crain v. C.I.R.*, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.")

Chief among Defendants' frivolous arguments is the contention that neither the Department of Justice nor the Internal Revenue Service has jurisdiction over this action or Defendants' property.  This contention may arise from a claim that one or more of Defendants is a citizen of the state of Ohio but not a citizen of the United States.  This "sovereign state" or "sovereign citizen" theory has been "uniformly rejected by the courts." *In re Weatherley*, 169 B.R. 555, 559 (Bankr. E.D. Pa. 1994); *see, e.g.*, *United States v.*

4

*Drachenberg*, 623 F.3d 122 (2d Cir. 2010);  *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993).  This Court likewise rejects this argument as illogical and absurd.

The Court also rejects Defendants' other arguments typical of the tax defier movement.  For example, the Court rejects Defendants' contention that their private property is exempt from the action.

For all of the reasons stated, the Court holds that the Complaint establishes subject matter and personal jurisdiction in this case.  Defendants' motions to dismiss for lack of jurisdiction are DENIED.

## IV.  <u>CONCLUSION</u>

Defendants' arguments in favor of dismissal for lack of subject matter and/or personal jurisdiction are frivolous contentions typical of the discredited tax-defier movement.  Defendants' arguments are rejected, and the motions to dismiss (Docs. 5, 7, 9) are DENIED.

**IT IS SO ORDERED.**

                                        ____s/John R. Adams_____
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

**DATED**: __9/27/2018_____